Turley, J.
delivered the opinion of the court.
This is an action of trover, brought by the plaintiff to recover the whole of certain negroes in the possession of the defendant, which he claims as administrator de bonis non of. the estate of William Gibson, deceased.
*179 The following is a statement of the facts upon which the case rests.' William Gibson died in the county of Maury, State of Tennessee, in the year 1816. At the, November term, 1816, of the county court of Maury, administration with the will annexed, ’was gran ted-upon the estate of said William Gibson to his widow Margaret Gibson. It is agreed between the parties, that negro woman Candis, the lineal ancestor of the slaves in dispute, was devised by the will, upon which letters of administation cum testa-mento annexo were granted, to the relict of William Gibson, and that the will was proven by one. witness in the county court of Maury, at the time letters, of administration were granted thereon.
Margaret Gibson took possession of the negro Candis, and held her and her increase, claiming them under the will until some time jn 1820, when she died. Some timé after the death of Margaret Gibson, the negro Candis and her increase, which she then had, to wit, Jack and Nice, came into the possession of one David Cain, who had married the sister of Margaret Gibson; he sold them to Winton, the father of defendant, about a year after he got possession of them. Winton held them and the further increase of Can-dis, till his death’, at which period of time they were divided among his children, the two sued for, falling to the defendant, by whom they have been held ever since, and for a period of time to make Ms title perfect by the operation of the statute of limitations, if there be nothing to prevent its running. At the September term, 1833, of the county court of Maury, the plaintiff obtained letters of administration, de bonis non, upon the estate of William Gibson, deceased, and on the 8th day of September, ‘1836, commenced this suit. On the 19th of June, 1835, the plaintiff and others, a portion of the heirs and distributees of William Gibson, deceased, filed their petition in the county court of Maury, for-leave to contest the validity of the will proven by his widow in 1816, which was so prosecuted, that at the May term, 1838, of the circuit court of Maury county, upon an issue of devisavit ml non, the paper writing, purporting to be the last will and testament of William Gibson, was pronounced to be not his will and testament. A copy of the record, showing this, was offered in evidence by the plaintiff and rejected by the court.
The court charged the jury, “that if Mrs. Gibson, the widow, took possession of the negroes bequeathed to her by her deceased husband, and continued that possession after the two years allowed. *180 for administration of the estate, claiming them as her own property under the will, and then died, the property vested in her personal i'epresentatives, and not in the administrator de bonis non, and that a will proved according to the forms of law, carries the property.” There was a verdict and judgment for the defendant, and an appeal to this cpurt by the plaintiff. Two points are made:
1st. That the will was not proved according to the forms of law.
2d. That the record of the determination of the suit upon the issue of devisavit vel non, was improperly excluded as evidence from the jury.
Upon the 1st point it is argued, that the will was only proven by one witnéss, and that two are required. To this we answer, that by the act of 1789, ch. 23, sec. 1, it is.provided, “That in case of a written-will, the same shall be proven by at least one of the subscribing witnesses if living, but if contested, shall be proven by all the living witnesses if to be found.”
This shows, that a will of personal property may be proven by one subscribing witness, except in the case of a contest as to its validity, and it being agreed that the will in this case has been duly proven by one witness, we must infer, that it was by a subscribing witness. The question was, as the judge below felt, whether Margaret Gibson, after the two years given for paying the debts of the estate, held the property as devisee under the will, or as adminis-tratrix, and properly left it to the jury, who have found it against the plaintiff. If she held it under the will, as devisee, no question can arise upon the operation of the statute of limitations in favor of the defendant, and the verdict of the jury is conclusive that she did.
The 2d question is resolved by the first; if the statute of limitations is a bar, it operated before the issue of devisavit vel non was found against the will, and rights acquired cannot be divested by subsequent matter. We, therefore, affirm the judgment.